[Cite as *State v. Cotto*, 2019-Ohio-985.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 107159

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JAVIER B. COTTO**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-621437-A

**BEFORE:** Headen, J., S. Gallagher, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 21, 2019

**ATTORNEY FOR APPELLANT**

Oscar E. Rodriguez
1223 West 6th Street, Suite 303
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Patrick J. Lavelle
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

RAYMOND C. HEADEN, J.:

{¶1} Defendant-appellant Javier B. Cotto ("Cotto") appeals from his sentence following a guilty plea. For the reasons that follow, we affirm.

**Procedural and Factual History**

{¶2} On September 26, 2017, Cotto and his nephew, codefendant Josean Navarro ("Navarro") were charged in a ten-count indictment. Cotto was charged as follows: one count of trafficking, a felony of the first degree, in violation of R.C. 2925.03(A)(2), with a major drug offender specification, a one-year firearm specification, and various forfeiture specifications; one count of drug possession, a felony of the first degree, in violation of R.C. 2925.11(A), with a major drug offender specification, a one-year firearm specification, and various forfeiture specifications; one count of trafficking, a felony of the third degree, in violation of R.C. 2925.03(A)(2), with a one-year firearm specification and various forfeiture specifications; one count of drug possession, a felony of the third degree, in violation of R.C. 2925.11(A)(2), with a one-year firearm specification and various forfeiture specifications; and one count of possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24(A), with various forfeiture specifications.

{¶3} On September 28, 2017, Cotto was declared indigent and counsel was appointed.

{¶4} On March 21, 2018, Cotto pleaded guilty to an amended count of drug trafficking, a felony of the first degree, with a one-year firearm specification and various forfeiture specifications. The remaining counts and specifications against Cotto were nolled. Before accepting Cotto's plea, the trial court informed him of the potential consequences of his plea, including the imposition of a mandatory fine. Cotto's counsel requested a presentence investigation report. The state and Cotto recommended a seven-year prison sentence to the court.

**{¶5}** On April 16, 2018, Cotto filed a motion to waive the mandatory fine due to indigency, with a supporting affidavit. On April 19, 2018, the court sentenced Cotto to seven years in prison, comprised of six years on the drug trafficking offense and one year on the corresponding firearm specification. The court also imposed a $10,000 mandatory fine on Cotto. Cotto appeals his sentence, presenting one assignment of error for our review.

**Law and Analysis**

**{¶6}** In his sole assignment of error, Cotto argues that the trial court erred by imposing a mandatory fine. Specifically, he argues that he had been found indigent prior to sentencing and therefore should have been found indigent for purposes of the mandatory fine as well.

**{¶7}** As an initial matter, we must address the nature of our review of the imposition of a mandatory fine upon a defendant. Ohio courts have consistently held that because trial courts have broad discretion when imposing financial sanctions upon a defendant, appellate courts review the imposition of financial sanctions for abuse of discretion. *State v. Theodorou*, 8th Dist. Cuyahoga No. 105630, 2017-Ohio-9171, ¶ 23; *State v. Ficklin*, 8th Dist. Cuyahoga No. 99191, 2013-Ohio-3002, ¶ 5, citing *State v. Schneider*, 8th Dist. Cuyahoga No. 96953, 2012-Ohio-1740, ¶ 9, citing *State v. Weyand*, 7th Dist. Columbiana No. 07-CO-40, 2008-Ohio-6360, ¶ 7.

**{¶8}** R.C. 2953.08(G)(2) specifically precludes a review of felony sentences for abuse of discretion. R.C. 2953.08(A)(4) provides that a defendant may appeal his or her sentence on the grounds that it is contrary to law. R.C. 2953.08(G)(2)(b) provides that appellate courts may increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds that the sentence is contrary to law. Because the imposition of financial sanctions, including mandatory fines, is governed by R.C. 2929.18, our analysis is guided by the requirements of that statute.

**{¶9}** In the underlying case, Cotto pleaded guilty to a violation of R.C. 2925.03(A)(2), a felony of the first degree. R.C. 2925.03(D)(1) provides:

> If the violation of division (A) of this section is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent.

R.C. 2929.18(B)(1) provides:

> For a first, second, or third degree felony violation of any provision of Chapter 2925 * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

Before imposing a mandatory fine pursuant to R.C. 2929.18, a sentencing court is required to consider the offender's present and future ability to pay the amount of the sanction or fine. R.C. 2929.19. "'Generally, a trial court complies with this requirement when it considers a presentence investigation report that contains information about the offender's financial situation and his ability to pay the financial sanction.'" *State v. Clemons*, 8th Dist. Cuyahoga No. 101230, 2015-Ohio-520, ¶ 10, quoting *State v. Simpson*, 8th Dist. Cuyahoga No. 101088, 2014-Ohio-4580, ¶ 21.

**{¶10}** Here, it is undisputed that Cotto filed an affidavit of indigency prior to sentencing, satisfying the first prerequisite for avoiding a mandatory fine. "[A]n offender who files an affidavit alleging that he or she is indigent and is unable to pay a mandatory fine is not automatically entitled to a waiver of that fine." *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). Further, we note that courts have consistently distinguished between a court's determination that an offender is indigent for purposes of receiving court-appointed counsel and for purposes of his or her ability to pay a fine. *State v. Johnson*, 107 Ohio App.3d 723, 728, 669 N.E.2d 483 (8th Dist.1995), citing *State v. Powell*, 78 Ohio App.3d 784, 785, 605 N.E.2d 1337 (3d Dist.1992). Therefore, the court's initial determination that Cotto was entitled to representation by appointed counsel is not determinative of any subsequent finding regarding his ability to pay a mandatory fine.

**{¶11}** In addition to the defendant filing a timely affidavit of indigency, the sentencing court must find that the offender is an indigent person and is unable to pay the mandatory fine in order to waive imposition of a mandatory fine. *Id*. While the statute requires the court to consider the defendant's present and future ability to pay the fine, "there are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record." *State v. Hampton*, 8th Dist. Cuyahoga No. 103992, 2016-Ohio-5419, ¶ 7, citing *State v. Martin*, 140 Ohio App.3d 326, 338, 747 N.E.2d 318 (4th Dist.2000).

**{¶12}** Cotto argues that because he is schizophrenic, his wife had recently given birth to a child, and he will have difficulty obtaining full-time employment upon his release from prison with a felony record, it is unrealistic for him to pay this fine. A review of the record shows that the court considered these factors and others in analyzing Cotto's present and future ability to pay. The court stated that it considered the presentence investigation report. The court also stated that it considered that the drug trafficking to which Cotto pleaded guilty was undertaken for profit, and that Cotto would have approximately 20 years upon release from prison to work and earn a living.

**{¶13}** To avoid the imposition of a mandatory fine, "'the burden is upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine.'" *Gipson*, 80 Ohio St.3d at 635, 687 N.E.2d 750, quoting *State v. Ruzicka*, 8th Dist. Cuyahoga No. 64476, 1994 Ohio App. LEXIS 73 (Jan. 13, 1994). We agree with the trial court that Cotto's assertion that it will be difficult to find future employment because of his mental illness and criminal record is insufficient to meet this burden. Cotto has not clearly and convincingly established that the imposition of the fine was contrary to law. Therefore, Cotto's assignment of error is overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR