[Cite as *State v. Howard*, 2022-Ohio-1316.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Nos. 110706 and 110897 |
| v. | : | |
| LEDON HOWARD, II, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
AND REMANDED.
**RELEASED AND JOURNALIZED:** April 21, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-653322-A and CR-19-643653-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Margaret Graham, Assistant Prosecuting
Attorney, *for appellee.*

Russell S. Bensing and Erin Flanagan, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} In this consolidated appeal, appellant Ledon Howard II ("Howard") appeals the trial court's imposition of a mandatory fine. In Cuyahoga C.P. No. CR-19-643653-A, we affirm the trial court's imposition of a mandatory fine, but remand with instructions to correct the record. In Cuyahoga C.P. No. CR-20-653322-A, we vacate the nunc pro tunc entry filed by the trial court on June 30, 2021, and we remand the case to the trial court to issue an order vacating the nunc pro tunc entry and reinstating the journal entry filed on June 15, 2021.

**Background**

{¶ 2} On September 11, 2019, Howard was charged under a five-count indictment in Cuyahoga C.P. No. CR-19-643653-A; and on September 28, 2020, Howard was charged under an eleven-count indictment in Cuyahoga C.P. No. CR-20-653322-A. In each case, Howard initially entered a plea of not guilty to the charges. At a plea hearing held on May 27, 2021, Howard entered a change of plea to certain charges pursuant to a plea agreement, under which there was an agreed recommended sentence of four years in four cases that were pending before the court.[1] In the two underlying cases involved in this appeal, Howard entered a plea of guilty to the following counts:

---

[1] Three cases were before the court at the plea hearing, and four cases were included in the plea agreement. This opinion addresses only the two underlying cases involved in this appeal.

**CR-19-643653-A**:

Count 1 (as charged): Trafficking in violation of R.C. 2925.03(A)(2), a felony of the third degree, with forfeiture specifications.

Count 3 (as charged): Trafficking in violation of R.C. 2925.03(A)(2), a felony of the third degree, with forfeiture specifications.

Counts 1 and 3 did not merge because different drugs were involved. Counts 2, 4, and 5 were nolled.

**CR-20-653322-A**:

Count 1 (as charged): Trafficking in violation of R.C. 2925.03(A)(2), a felony of the fourth degree, with a juvenile specification, a 1-year firearm specification, and forfeiture specifications.

Count 3 (as amended): Attempted corrupting another with drugs in violation of R.C. 2923.02/2925.02A(4)(A), a felony of the third degree.

Count 5 (as charged): Having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree, with forfeiture specification.

Count 9 (as charged): Possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree, with forfeiture specifications.

Counts 2, 4, 6, 7, 8, 10, and 11 were nolled.

{¶ 3} In each case, the trial court found Howard guilty of the charges to which he pleaded guilty, ordered the forfeiture of certain items, and advised Howard of postrelease control. Relevant to this appeal, in placing the plea agreement on the record, the assistant prosecutor indicated that in CR-19-643653-A, Counts 1 and 3 required "a mandatory fine of $5,000 up to $10,000[,]" and the trial court advised appellant that "[t]he F3 drug allegations have a mandatory fine, each one of the minimum of $5,000 up to the maximum $10,000."

{¶ 4} At the sentencing hearing held on June 15, 2021, Howard was sentenced in the four cases before the court. Defense counsel asked the court to impose the jointly recommended sentence of four years on all four cases and to make an indigency determination for the purpose of the mandatory fine. He indicated that he had an unsigned affidavit of indigency and that the third-degree felony, drug trafficking counts carry a mandatory fine. The trial court stated that it did have a presentence-investigation report ("PSI report") from one of the other cases being sentenced and that it would consider the information.[2] Howard signed the affidavit, and the trial court engaged in an inquiry with Howard concerning his ability to pay the mandatory fine. The court stated it "has considered all this information."

{¶ 5} The trial court then determined that it would impose "the agreed recommended sentence of four years * * *" in prison for all the cases. The court proceeded to sentence Howard on the individual counts in each case. The court ordered the sentences in each case to run concurrent with the others. A mandatory fine was imposed on Count 1 in CR-19-643653-A.

{¶ 6} The following transpired with respect to the two cases before the court on appeal.

{¶ 7} In CR-19-643653-A, the trial court sentenced Howard to a prison term on Counts 1 and 3, imposed a $5,000 mandatory fine only on Count 1, and ordered the forfeiture of certain items. As the sentencing transcript reflects, the trial

_____

[2] The PSI report was ordered in Cuyahoga C.P. No. CR-18-630265-A.

court stated, "Count one is a mandatory fine. I'm going to impose a $5,000 fine." No such fine was imposed on Count 3. The journal entry filed June 21, 2021, includes the prison terms that were imposed on each count and states: "THE DEFENDANT IS ORDERED TO PAY A FINE IN THE SUM OF $5,000."

{¶ 8} In CR-20-653322-A, the trial court sentenced Howard to a prison term on Counts 1, 3, 5, and 9 and ordered the forfeiture of certain items. The journal entry filed on June 15, 2021, includes the prison terms that were imposed on each count. There was no mandatory fine imposed in this case. However, the trial court issued a nunc pro tunc sentencing entry on June 30, 2021, that states "SENTENCING ENTRY IS CORRECTED TO REFLECT: DEFENDANT IS TO PAY $5,000.00 FINE" and includes in the amended entry "DEFENDANT TO PAY $5,000.00 FINE" without any reference to the case or count to which the fine was imposed.

{¶ 9} Howard timely filed an appeal from the June 30,2021 journal entry in CR-20-653322-A, and he was granted leave to file a delayed appeal in CR-19-643653-A. The appeals have been consolidated for review.[3]

---

[3] We note that the state's brief erroneously indicates no fine was imposed at the sentencing hearing when the record shows that the trial court did impose a mandatory fine on Count 1 in CR-19-643653-A. No fine was imposed on Count 3. Prosecuting attorneys and defense counsel are cautioned to exercise due care in raising objections and preparing appellate briefs. *See State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

**Nunc pro tunc and Crim.R. 36**

{¶ 10} As an initial matter, we must address the proper use of a nunc pro tunc entry. Crim.R. 36 provides:

> Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time.

{¶ 11} The proper use of a nunc pro tunc entry has been explained by the Supreme Court of Ohio as follows:

> A clerical error or mistake refers to ""a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment."" *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15, quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-820, 2000-Ohio-1660, 737 N.E.2d 1057 (3d Dist.2000).
>
> A nunc pro tunc entry may not be used to make substantive changes to an offender's sentence. *Id.* at ¶ 16-17. Nunc pro tunc entries are "'limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.'" *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 1995-Ohio-278, 656 N.E.2d 1288 (1995).

*State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 12-13; *see also State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18-20.

{¶ 12} It is apparent from our review of the record that the trial court improperly used a nunc pro tunc entry in CR-20-653322-A to modify Howard's sentence to include a fine that was never imposed in that case. The trial court's June 30, 2021 journal entry purports to correct the sentencing entry issued on

June 15, 2021, to provide "DEFENDANT TO PAY $5,000.00 FINE." However, a fine was never imposed in CR-20-653322-A. Also, as appellant states, "[t]he trial court's June 30, 2021 [entry] does not indicate [to] which charge in which case the $5,000 fine relates." Therefore, in Cuyahoga C.P. No. CR-20-653322-A, we vacate the nunc pro tunc entry filed by the trial court on June 30, 2021, and we remand the case to the trial court to issue an order vacating the nunc pro tunc entry and reinstating the journal entry filed on June 15, 2021. It also appears from the record that the trial court should issue a nunc pro tunc entry in CR-19-643653-A to correctly reflect Count 5, which charged possessing criminal tools, was nolled in that case.[4]

{¶ 13} We shall proceed to address the assignments of error presented by appellant as they relate to the trial court's imposition of a mandatory $5,000 fine on Count 1 in CR-19-643653-A.

**Law and Analysis**

{¶ 14} Under his first assignment of error, Howard claims the trial court erred by imposing a mandatory $5,000 fine. He argues the trial court was informed of his indigence and there was no evidence that he would be able to pay the fine in the future.

{¶ 15} In reviewing a trial court's imposition of a mandatory fine in a felony-sentencing case, we apply the standard set forth in R.C. 2953.08(G)(2)(b), which

---

[4] It appears from our review of the June 21, 2021 sentencing entry that the trial court included a prison term of 12 months on Count 5. Count 5 was dismissed at the plea hearing, and Howard was never sentenced on that count.

provides that an appellate court may increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds that the sentence is contrary to law. *State v. Cotto*, 8th Dist. Cuyahoga No. 107159, 2019-Ohio-985, ¶ 8. Our analysis of the trial court's imposition of the mandatory fine in this case is guided by the requirements of R.C. 2929.18(B)(1) and 2929.19(B)(5).

{¶ 16} As applicable in this matter, R.C. 2929.18(B)(1) requires a trial court to impose a mandatory fine upon an offender for a third-degree felony violation of R.C. Chapter 2925 in an amount of "at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to [R.C. 2929.18(A)(3).]" R.C. 2929.18(B)(1) further states:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

Pursuant to R.C. 2929.19(B)(5), before imposing a financial sanction under R.C. 2929.18 at the sentencing hearing, "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."

{¶ 17} "While the statute requires the court to consider the defendant's present and future ability to pay the fine, 'there are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.'" *Cotto* at ¶ 11, quoting *State v. Hampton*, 8th Dist. Cuyahoga No. 103992, 2016-Ohio-5419, ¶ 7. Generally, a trial court may satisfy this

requirement when the record shows that the court considered a PSI report that contains information regarding the defendant's financial situation and his ability to pay the fine. *State v. Debose*, 8th Dist. Cuyahoga No. 109531, 2022-Ohio-837, ¶ 32, citing *State v. Clemons*, 8th Dist. Cuyahoga No. 101230, 2015-Ohio-520, ¶ 10. Ultimately, "the burden is upon the offender to affirmatively demonstrate that he or she is indigent *and is unable to pay* the mandatory fine." (Emphasis sic.) *State v. Gipson*, 80 Ohio St.3d 626, 635, 687 N.E.2d 750 (1998).

{¶ 18} At the sentencing hearing in this matter, the trial court imposed a mandatory fine of $5,000 in CR-19-643653-A, for a third-degree felony violation of R.C. 2925.03(A)(2). The trial court included the $5,000 fine in the sentencing entry in that case.

{¶ 19} Howard argues that the record shows he is indigent and is unlikely to be able to afford the fine in the foreseeable future. "The fact that a defendant is 'indigent' or is represented by appointed counsel does not preclude a trial court from imposing financial sanctions." *State v. Brown*, 2020-Ohio-4474, 158 N.E.3d 972, ¶ 42 (8th Dist.), citing *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 76 (8th Dist.); *see also State v. Cruz*, 8th Dist. Cuyahoga No. 106098, 2018-Ohio-2052, ¶ 28. Likewise, a lengthy prison sentence does not necessarily preclude a trial court from imposing financial sanctions. *Brown* at ¶ 42, citing *Nitsche* at ¶ 76.

{¶ 20} The record reflects that the trial court reviewed Howard's affidavit of indigency that was signed at the sentencing hearing. The trial court also considered a PSI report and engaged in an inquiry with Howard concerning his ability to pay

the mandatory fine. During the trial court's inquiry, Howard indicated that he is married, that one of his biological children and two stepchildren reside with him, and that he has two other biological children. Before being placed on house arrest, Howard supported his children by his haircut business. He provided information on his income. He also stated that his wife works full time and helps him financially. He provided information on their rent, utilities, and vehicles. He indicated he does not receive financial support from family. There was cash forfeited in the cases.

{¶ 21} After considering the affidavit of indigency and the PSI report and questioning Howard, the trial court determined as follows:

> I've considered your affidavit of indigency and note that the amount of cash seized in these cases, the resources that you have available to you, obviously the way you've been supported during these cases, at least with these drugs sales, is evidence that you are able to afford and pay the fine, which is punitive in nature and so I will – I'm going to deny that motion.

> You are responsible for your court costs, and you could be required to do Community Work Service as well. So that the fine could be -- the fine can be paid in full I will suspend the court costs in this matter so you can be responsible for your mandatory fine pursuant to the legislature's wishes.

{¶ 22} The record demonstrates that the trial court complied with R.C. 2929.19(B)(5) and considered Howard's present and future ability to pay the mandatory fine before imposing the financial sanction in accordance with R.C. 2929.18. The imposition of the $5,000 fine on Count 1 in CR-19-643653-A was not contrary to law.

{¶ 23} Howard maintains under his second assignment of error that he received ineffective assistance of counsel because counsel failed to file the affidavit

of indigence. However, the record reflects that Howard signed an affidavit of indigency at the sentencing hearing and the trial court reviewed the affidavit. The trial court also considered the PSI report and engaged in an inquiry with Howard concerning his ability to pay the mandatory fine. Therefore, we do not find any resulting prejudice to Howard. Both deficient performance of counsel and prejudice are required to justify a reversal based on ineffective assistance of counsel. *See State v. Graham*, 164 Ohio St.3d 187, 2020-Ohio-6700, 172 N.E.3d 841, ¶ 161, citing *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, Howard's second assignment of error is overruled.

{¶ 24} In conclusion, in Cuyahoga C.P. No. CR-19-643653-A, we affirm the trial court's imposition of the $5,000 mandatory fine and upon remand, the trial court should issue a nunc pro tunc journal entry to reflect Count 5 in that case was nolled. In Cuyahoga C.P. No. CR-20-653322-A, we vacate the nunc pro tunc entry filed by the trial court on June 30, 2021, and we remand the case to the trial court to issue an order vacating the nunc pro tunc entry filed on June 30, 2021, and reinstating the journal entry filed on June 15, 2021.

{¶ 25} Judgment affirmed in part, vacated in part, and remanded.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

FRANK DANIEL CELEBREZZE, III, J., and
MICHELLE J. SHEEHAN, J., CONCUR