[Cite as *State v. Nowden*, 2022-Ohio-3554.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 111308 |
| GLENN LAMAR NOWDEN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 6, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-635100-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ayoub Dakdouk, Assistant Prosecuting Attorney, *for appellee.*

Law Office of Perry M. Kendall, Jr., and Perry M. Kendall, Jr., *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Glenn Lamar Nowden ("Nowden"), pled guilty to drug possession and having weapons while under disability, was fined $10,000, and was sentenced to two consecutive 24-month prison terms. He now seeks to

vacate his pleas, contending that the trial court failed to comply with Crim.R. 11(C)(2)(a) by not asking him whether he understood the maximum sentence. He maintains that he would not have pled guilty had he known that he might face consecutive sentences. Nowden also seeks vacation or modification of his sentence, arguing that the trial court failed to make the required findings to support consecutive sentencing under R.C. 2929.14(C)(4). After a review of the record and arguments presented, we affirm the trial court's judgment.

## I.    Facts and Procedural History

{¶ 2}    In December 2018, Nowden was charged in a six-count indictment with one count of trafficking in drugs in violation of R.C. 2925.03(A)(2), a second-degree felony (Count 1); one count of possession of drugs in violation R.C. 2925.11(A), a third-degree felony (Count 2); two counts of possession of drugs in violation of R.C. 2925.11(A), fifth-degree felonies (Counts 3 and 4); and two counts of having weapons while under disability in violation of R.C. 2923.13(A)(2) and 2923.13(A)(3), third-degree felonies (Counts 5 and 6). Counts 1 and 2 included notice of a mandatory prison sentence based on two prior felony drug trafficking convictions. Count 1 carried a juvenile specification. Counts 1-4 carried a one-year firearm specification and eight different forfeiture specifications. Counts 5 and 6 included forfeiture of three handguns and a 12-gauge shotgun.

{¶ 3}    In August 2021, Nowden pled guilty to an amended Count 2 and Count 6 as charged. Count 2 was amended to dismiss the one-year firearm

specification. The remaining counts and specifications were also dismissed.[1] During the plea colloquy, the trial court informed Nowden of, and Nowden replied that he understood, his constitutional rights. (Aug. 10, 2021, tr. 24-26). The trial court also informed Nowden that Counts 2 and 6 were both felonies of the third degree, each punishable by up to 36 months in prison and/or a fine of up to $10,000, and that a prison term and one half of the maximum fine (or $5,000) were both mandatory for the cocaine-possession charge in Count 2. Nowden stated that he understood. (Aug. 10, 2021, tr. 27). The trial court also advised Nowden that the prison terms on Counts 2 and 6 "could run consecutively," or "one after another," and explained that consecutive sentencing could result in 72 months in prison and a $20,000 fine. (Aug. 10, 2021, tr. 27-28). The trial court did not ask Nowden whether he understood the effect of consecutive sentencing before accepting his guilty pleas.

{¶ 4} The following month, the case proceeded to sentencing. At the sentencing hearing, defense counsel, Nowden, and the assistant prosecutor all addressed the court. Defense counsel stated that Nowden owned his own home, supported four children, had sole custody of his 16-year-old son, and had been running a small landscaping business with his brother. (Sept. 23, 2021, tr. 39-40). Nowden spoke next, admitting that he sold drugs in the past, knew it was wrong,

---

[1] The trial court's August 10, 2021 plea entry states that Nowden pled guilty to the one-year firearm specification in Count 2. On September 14, 2021, the trial court issued a nunc pro tunc entry amending the plea entry to state that the one-year firearm specification was deleted from Count 2.

and regretted that he exposed his 16-year-old to this lifestyle. (Sept. 23, 2021, tr. 40-41). The assistant prosecutor stated that Nowden's criminal history contained multiple drug trafficking offenses and the police discovered drugs, several firearms, money, and other drug-related property in Nowden's residence when they executed the search warrant in this case. The trial court then addressed Nowden, noting that Nowden's adult "criminal drug history [went] way back to 1996"; he "[had] been dealing drugs a long time" and continued to do so despite serving prior prison terms; there had been a bench warrant in the present case from January 2019 to January 2020; he was arrested on a domestic violence charge in August 2020; and he had another active warrant for an unrelated matter. (Sept. 23, 2021, tr. 42-46).

{¶ 5} The trial court sentenced Nowden to a 24-month prison term and a mandatory fine of $5,000 on amended Count 2; a consecutive 24-month prison term and fine of $5,000 on Count 6; and suspended his driver's license for five years following his release from prison. The trial court found that "four years [was] not disproportionate" to Nowden's offenses, Nowden's "history of criminal conduct demonstrate[d] that consecutive sentences [were] necessary," and "having a gun with the drug possession was one course of conduct." (Sept. 23, 2021, tr. 44-45). In its sentencing entry, the trial court stated that

> consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense, or at least

two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct.

(Sept. 23, 2021, Sentencing Entry).

{¶ 6} On February 24, 2022, Nowden filed a pro se motion for delayed appeal that was granted by this court. Nowden was subsequently assigned counsel and now raises the following two assignments of error for review:

Assignment of Error I: [Nowden's] guilty pleas to the amended charges were not made knowingly, voluntarily and intelligently, and as a result, the trial court's acceptance of these pleas violated [his] constitutional rights and Criminal Rule 11.

Assignment of Error II: The record clearly and convincingly does not support and cannot be read to support the findings the court made for the imposition of consecutive sentences.

## II. Law and Analysis

### A. Compliance with Crim.R. 11

{¶ 7} In his first assignment of error, Nowden argues that the trial court did not ask or confirm whether he understood that it could impose consecutive sentences and multiple fines before accepting his guilty pleas. He maintains that he would not have pled guilty had he known that the trial court might impose consecutive sentences. Nowden asks this court to vacate his guilty pleas because the trial court's failure to confirm whether he understood the potential for consecutive sentencing renders his pleas unknowing, unintelligent, and involuntary.

{¶ 8} "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765,

164 N.E.3d 286, ¶ 11. Crim.R. 11(C)(2) provides that when accepting a guilty or no-contest plea in a felony case, the trial court must personally address the defendant and

> (a) Determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Inform[ ] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Inform[ ] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial court proceedings and that he was prejudiced by that error." *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 13. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id*. at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). A defendant must establish prejudice "'on the face of the record'" and not solely by virtue of challenging a plea on appeal. *Id*. at ¶ 24, quoting *Hayward v. Summa Health Sys.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26.

**{¶ 10}** The traditional rule is subject to two limited exceptions. *Id.* at ¶ 14-16. Under these two exceptions, no showing of prejudice is required (1) when a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) when a trial court has completely failed to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 14-15, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *Nero* at 108.

**{¶ 11}** When reviewing a trial court's compliance with Crim.R. 11, the inquiry no longer focuses on strict, substantial, or partial compliance with the rule. *State v. Kauffman*, 2021-Ohio-1584, 170 N.E.3d 952, ¶ 12 (8th Dist.). As the Supreme Court of Ohio recognized in *Dangler*, prior caselaw had "muddled [the] analysis by suggesting different tiers of compliance with the rule" and "those formulations have served only to unduly complicate what should be a fairly straightforward inquiry." *Dangler* at ¶ 17. *Dangler* sets forth the relevant inquiry: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden? *Id.*

{¶ 12} The Supreme Court of Ohio has also held that a trial court's "[f]ailure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim. R. 11(C)(2), and does not render the plea involuntary." *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), syllabus.

{¶ 13} Nowden contends that the trial court failed to inform him pursuant to Crim.R. 11(C)(2)(a) of the maximum penalty he faced by pleading guilty to Counts 2 and 6. This contention, however, is not supported by the record. Nowden stated during the plea colloquy that he understood the trial court's advisement that Counts 2 and 6 were both felonies of the third degree, each punishable by up to 36 months in prison and/or a fine of up to $10,000, and that on Count 2 a prison term and half the maximum fine (or $5,000) were both mandatory. The trial court therefore complied with Crim.R. 11(C)(2)(a) by informing Nowden of the maximum penalty he faced by pleading guilty to Counts 2 and 6.

{¶ 14} Nowden nevertheless maintains that trial court did not confirm whether he understood the effect that consecutive sentencing might have on the calculation of the maximum sentence. The state counters that the trial court had no such duty under Crim.R. 11(C)(2)(a). We agree with the state.

{¶ 15} The record reveals that the trial court informed Nowden that any prison term imposed by the court on Count 6 could run consecutive to the mandatory term it must impose on Count 2. Specifically, the court informed

Nowden that consecutive sentences meant "one after another" and could reach a maximum prison term of 72 months and a maximum fine of $20,000. Although the trial court did not ask Nowden whether he understood the effect of consecutive sentencing, it was not required to do so by Crim.R. 11(C)(2)(a) because in this case, consecutive sentencing was discretionary, not mandatory. *See State v. Nave*, 8th Dist. Cuyahoga No. 107032, 2019-Ohio-1123, ¶ 10 ("This court has followed *Johnson* [40 Ohio St.3d 130, 532 N.E.2d 1295] on numerous occasions and concluded that Crim.R.11(C)(2)(a) does not require a trial court to advise a defendant of the potential for discretionary consecutive sentencing."). Any failure of the trial court to confirm whether Nowden understood the potential for discretionary consecutive sentencing does not render his guilty pleas unknowing, unintelligent, or involuntary.

{¶ 16} Therefore, Nowden's first assignment of error is overruled.

## B. R.C. 2929.14(C)(4) Findings Supporting Consecutive Sentences

{¶ 17} In his second assignment of error, Nowden argues that the trial court failed to make the necessary statutory findings to support consecutive sentences and cannot fill this void in the record by restating the statutory requirements in its sentencing entry. He therefore asks this court to vacate his consecutive prison terms and remand to the trial court to sentence him to concurrent terms.

{¶ 18} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate

court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either that the record does not support certain specified findings or that the sentence imposed is contrary to law. *Id.* An appellate court may vacate or modify a sentence that is not clearly and convincingly contrary to law only if it finds by clear and convincing evidence that the record does not support the sentence. *Id.* at ¶ 23.

{¶ 19} Under Ohio law, when multiple sentences are imposed, the sentences are to be served concurrently, unless there is an order requiring the sentences to be served consecutively. R.C. 2929.41(A); *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 16. Except in cases where consecutive sentencing is mandatory, a trial court has discretion to impose consecutive sentences pursuant to R.C. 2929.14(C)(4). *Id.* R.C. 2929.14(C)(4) provides that

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 20} If the trial court does not make the factual findings required by R.C. 2929.14(C)(4), then the multiple sentences are to be served concurrently. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23. "However, a word-for-word recitation of the language of the statute is not required." *Id.* at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* The record must contain a basis on which the reviewing court can determine that the trial court made the required findings under R.C. 2929.14(C)(4) before imposing consecutive sentences, and the trial court must state the required findings at the sentencing hearing and incorporate the findings into its sentencing entry. *Id.* at ¶ 37.

{¶ 21} At the sentencing hearing in the instant case, the trial court noted that Nowden's adult criminal history went back to 1996 and that despite serving prior prison terms, Nowden had not stopped selling drugs and "ha[d] been dealing drugs a long time." These findings support a determination that consecutive prison terms are necessary to protect the public and punish Nowden based on his extensive and continuing criminal history. The trial court also noted that in addition to Nowden's history of drug dealing, the police in this case discovered cocaine, methamphetamines, amphetamines, and several firearms when executing the search warrant of Nowden's residence. The court concluded that these findings

supported its determination that consecutive prison terms were not disproportionate to the seriousness of Nowden's criminal conduct. The trial court further noted that Nowden's cocaine possession and possession of several firearms while under disability constituted one course of conduct, and his ongoing criminal history, which included during the pendency of this case a year-long capias, an arrest for domestic violence, and another active warrant all demonstrated that consecutive sentencing was necessary to protect the public from future crime by Nowden.

{¶ 22} The trial court also incorporated the relevant statutory findings into its sentencing entry, which included the two preliminary findings under R.C. 2929.14(C)(4) that the consecutive sentences are necessary (1) to protect the public or punish the offender and (2) not disproportionate to the seriousness of the defendant's conduct, as well as two of the three additional statutory findings, specifically R.C. 2929.14(C)(4)(b) and (c).

{¶ 23} Therefore, we conclude that the trial court made the required findings under R.C. 2929.14(C)(4) before imposing consecutive sentences.

{¶ 24} Nowden's second assignment of error is overruled.

{¶ 25} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR