[Cite as *State v. Nowden*, 2022-Ohio-4633.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111308 |
| v. | : | |
| GLENN LAMAR NOWDEN, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** December 16, 2022

---

Cuyahoga County Court of Common Pleas
Case No. CR-18-635100-A,
Application for Reopening
Motion No. 559775

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Glenn Lamar Nowden, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Applicant, Glenn Lamar Nowden ("Nowden"), timely seeks to reopen his appeal in *State v. Nowden*, 8th Dist. Cuyahoga No. 111308, 2022-Ohio-3554.

Nowden alleges that appellate counsel was ineffective for not advancing assignments of error related to the imposition of court costs, fines, a defect in the sentencing entry, and consecutive sentences. For the reasons that follow, we deny the application.

## I.    Facts and Procedural History

{¶ 2}    As part of a negotiated plea agreement, Nowden pled guilty to drug possession and having weapons while under disability. In exchange, several other charges and specifications were dismissed.  After obtaining a presentence investigation report ("PSI"), the trial court conducted a sentencing hearing that resulted in the imposition of two consecutive 24-month prison terms, one mandatory $5,000 fine, and one discretionary $5,000 fine.  Although not mentioned at the sentencing hearing, the trial court also imposed court costs in the sentencing entry.  Nowden then timely appealed his convictions.

{¶ 3}    In the appeal, Nowden raised two assignments of error:

I. [Nowden's] guilty pleas to the amended charges were not made knowingly, voluntarily and intelligently, and as a result, the trial court's acceptance of these pleas violated defendant's constitutional rights and [Crim.R. 11].

II.  The record clearly and convincingly does not support and can not [sic] be read to support the findings the court made for the imposition of consecutive sentences.

In a decision journalized on October 6, 2022, this court overruled these assigned errors and affirmed Nowden's convictions.  *Nowden* at ¶ 25.

**{¶ 4}** On November 17, 2022, Nowden timely filed an application to reopen his appeal raising four proposed assignments of error:

> I. [Appellate] counsel was ineffective for failing to raise the issue that the trial court's failure to impose court costs at the sentencing hearing, but ordering the defendant to pay court costs in the judgment entry of conviction, constitute[s] reversible error.
>
> II. [Appellate] counsel was ineffective for failing to raise the issue that the trial [court] committed plain error to the prejudice of appellant at sentencing by imposing financial sanctions without consideration of appellant's present or future ability to pay the fine of $10,000.
>
> III. [Appellate] counsel was ineffective for failing to raise the issue that the trial court's 09/09/2022 and 9/23/2022 journal entries state[] that Count one was nolled, but the trial court ordered the appellant to pay a mandatory fine of $5,000.00 on Count One in its 9/23/2022 journal entry.
>
> IV. [Appellate] counsel was ineffective for failing to raise the issue that the trial court erred, as to the prejudice of appellant, by ordering appellant to serve consecutive sentences when the consecutive sentences are not commensurate with the seriousness of the offenses committed.

The state timely opposed the application.

## II. Law and Analysis

### A. Standard for Ineffective Assistance of Appellate Counsel

**{¶ 5}** App.R. 26(B) provides a means of asserting claims of ineffective assistance of appellate counsel. The rule provides for a two-stage process where an applicant must first make a threshold showing that appellate counsel was ineffective. *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶ 18-19. This is judged using the same standard that applies to claims of ineffective assistance of trial counsel announced in *Strickland v. Washington*, 466 U.S. 668,

104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Leyh* at ¶ 17. Under this standard, "an applicant must show that (1) appellate counsel's performance was objectively unreasonable, [*Strickland*] at 687, and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' [*Strickland*] at 694." *Id.* at ¶ 18. If the applicant makes these showings, then the application shall be granted and the appeal reopened. *Id.* at ¶ 21, citing App.R. 26(B)(5). "The burden is on the applicant to demonstrate a 'genuine issue' as to whether there is a 'colorable claim' of ineffective assistance of appellate counsel." *Id.* at ¶ 21, citing *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

**B. Court Costs**

{¶ 6} In the first proposed assignment of error, Nowden argues that appellate counsel was ineffective for not advancing an assignment of error challenging the trial court's imposition of court costs in the journal entry of sentence when the court did not address court costs at the sentencing hearing.

{¶ 7} R.C. 2947.23 requires a trial court to impose the costs of prosecution on a criminal defendant but gives the court discretion to waive those costs. *See State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393. Even where a defendant is indigent, a court may still impose costs. *Id.* at paragraph one of the syllabus. R.C. 2947.23 requires a trial court to include in the sentence the costs of prosecution and Crim.R. 43(A) provides that a criminal defendant has a right to be present at every stage of a criminal trial, including sentencing. Imposing costs at

the sentencing hearing is important because it provides an opportunity for the defendant to seek waiver of those costs.

{¶ 8} Nowden argues that costs were not imposed in open court and appellate counsel was ineffective for failing to assign this as error. In support, Nowden cites to *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278. There, the Supreme Court of Ohio held that it was reversible error for a trial court to impose court costs in the sentencing entry when the court did not do so in open court in the presence of the defendant. *Id*. at ¶ 22. This court followed *Joseph* in our en banc decision addressing whether this situation presented reversible error or constituted harmless error. *State v. Taylor*, 2017-Ohio-9270, 102 N.E.3d 1101, ¶ 9-13 (8th Dist.). A majority of judges of this court determined that the failure to impose costs in open court while imposing them in the sentencing entry constituted reversible error. *Id*. at ¶ 13.

{¶ 9} The Supreme Court of Ohio later recognized that *Joseph* was no longer good law because the General Assembly had enacted a statutory provision that no longer required reversal and remand in order to correct this error. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028. *See also State v. West*, 8th Dist. Cuyahoga No. 105568, 2018-Ohio-956, ¶ 29. The *Beasley* Court held that the amendment of R.C. 2947.23(C), which provided continuing jurisdiction to a trial judge to waive, suspend, or modify the payment of costs at any time after sentencing, no longer required an appellate remand to address the imposition of court costs that were not imposed in open court. *Id*. at ¶ 265. Therefore, this issue

no longer constitutes reversible error. *Accord West; State v. Gardner*, 8th Dist. Cuyahoga No. 110606, 2022-Ohio-381, ¶ 28, citing *State v. Reed*, 8th Dist. Cuyahoga No. 106796, 2018-Ohio-3187, ¶ 12; *State v. Garcia*, 8th Dist. Cuyahoga No. 107027, 2022-Ohio-3426, ¶ 106; and *State v. Crossley*, 2022-Ohio-2599, 194 N.E.3d 424, ¶ 11 (2d Dist.), collecting cases.

{¶ 10} Appellate counsel was not ineffective for failing to advance this issue in Nowden's appeal because, as the above cases hold, such an error does not require reversal and Nowden may seek the waiver of court costs by filing a motion in the trial court pursuant to R.C. 2947.23.[1] Therefore, this cannot form the basis of a successful claim of ineffective assistance of appellate counsel.

## C. Fines

{¶ 11} Nowden argues that the trial court failed to consider his present and future ability to pay fines prior to imposing them.[2] He claims this constitutes plain error.

{¶ 12} The trial court imposed a mandatory fine of $5,000 pursuant to R.C. 2929.18(B) and a discretionary fine of $5,000 pursuant to R.C. 2929.18(A)(3)(c) for separate third-degree felony offenses.

---

[1] The state's brief in opposition asserts that Nowden filed a post-judgment motion to waive fines and court costs, which the trial court denied.

[2] Under this proposed assignment of error Nowden also asserts that the trial court did not consider his ability to pay costs before imposing them. As explained above in the proposed assignment of error dealing with costs, this does not constitute reversible error because Nowden can file a motion to waive costs at any time. *Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, at ¶ 265.

{¶ 13} A criminal sentence, according to R.C. 2929.18, may include fines in amounts specified therein.

> Pursuant to R.C. 2929.19(B)(5), before imposing a financial sanction under R.C. 2929.18 at the sentencing hearing, "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."
>
> "While the statute requires the court to consider the defendant's present and future ability to pay the fine, 'there are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.'" [*State v. Cotto*, 8th Dist. Cuyahoga No. 107159, 2019-Ohio-985] at ¶ 11, quoting *State v. Hampton*, 8th Dist. Cuyahoga No. 103992, 2016-Ohio-5419, ¶ 7. Generally, a trial court may satisfy this requirement when the record shows that the court considered a PSI report that contains information regarding the defendant's financial situation and his ability to pay the fine. *State v. Debose*, 8th Dist. Cuyahoga No. 109531, 2022-Ohio-837, ¶ 32, citing *State v. Clemons*, 8th Dist. Cuyahoga No. 101230, 2015-Ohio-520, ¶ 10. Ultimately, "the burden is upon the offender to affirmatively demonstrate that he or she is indigent and *is unable to pay* the mandatory fine." (Emphasis sic.) *State v. Gipson*, 80 Ohio St.3d 626, 635, 687 N.E.2d 750 (1998).

*State v. Howard*, 8th Dist. Cuyahoga Nos. 110706 and 110897 2022-Ohio-1316, ¶ 16-17.

{¶ 14} Here, Nowden did not file an affidavit of indigence prior to the sentencing hearing and did not raise his ability to pay at the sentencing hearing. In a case with similar facts, this court found no reversible error: "[The defendant] did not file an affidavit with the trial court prior to sentencing nor did he raise the issue at the hearing. 'Without such filing, the trial court did not err when it imposed the mandatory fine pursuant to R.C. 2929.18(B)(1).'" *State v. Garcia*, 8th Dist.

Cuyahoga No. 107027, 2022-Ohio-3426, ¶ 103, quoting *State v. Franklin*, 8th Dist. Cuyahoga No. 99806, 2014-Ohio-1422, ¶ 31. That holding is equally applicable here.

{¶ 15} In his application, Nowden asserts that the court proceeded "directly to sentencing after the verdict and made no inquiry about appellant's present or future ability to pay the fine of $10,000." However, this statement is contradicted by the record. The lower court docket indicates that Nowden's change-of-plea-hearing occurred on August 10, 2021. After accepting Nowden's guilty pleas, the trial court ordered a PSI and continued the matter for sentencing. A sentencing hearing occurred on September 23, 2021. There, the trial court considered the report as well as statements made at the sentencing hearing, which included some statements about Nowden's financial situation.

{¶ 16} At the sentencing hearing, defense counsel stated that Nowden, who was approximately 44 years old at the time, had a landscaping business prior to returning to selling drugs. (Tr. 39.) Financial information contained within the PSI indicated that Nowden operated two businesses, a landscape business and a credit repair business, and supplemented his income as a backyard auto mechanic. Counsel also intimated that Nowden owned a home: "He does live in his own house out in Garfield, but you know, he appreciates that he's coming before you today with an F-3 drug case, and you know, he's understanding that he's going to have to face the consequences of that." (Tr. 40.) However, this appears to conflict with information in the PSI about Nowden's monthly rent and assets. The PSI also

included a statement from Nowden that he owed a significant amount in child support. The docket also indicates that Nowden had retained counsel.

{¶ 17} Here, the trial transcript indicates that the judge considered the PSI when crafting Nowden's sentence. The PSI contained information about Nowden's financial situation, education, age, and health. Generally, this is sufficient to establish that a court has considered a defendant's present and future ability to pay. *State v. Brown*, 2020-Ohio-4474, 158 N.E.3d 972, ¶ 43 (8th Dist.) (The imposition of a discretionary fine was upheld where "[t]he trial court expressly stated at the sentencing hearing that it had reviewed the presentence investigation report, which contained detailed information regarding Brown's age, education, physical and mental health, finances and employment history, when determining an appropriate sentence.").

{¶ 18} Nowden claims the trial court must make an affirmative finding that he has the ability to pay and this finding must be supported by clear and convincing evidence. For this proposition, Nowden cites to *State v. King*, 6th Dist. Lucas No. L-12-1013, 2013-Ohio-1265.

{¶ 19} In a related but different context, the Supreme Court of Ohio resolved a split of authority between appellate districts regarding the imposition of assigned counsel fees, and determined that no specific findings are required in order to impose assigned counsel fees pursuant to R.C. 2941.51(D). *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, 171 N.E.3d 290, ¶ 25-30. There, the court outlined the conflict:

The Second District noted that although several other courts have similarly concluded that a trial court must determine a defendant's ability to pay prior to imposing any appointed-counsel fees, they have disagreed on exactly how that determination must be reflected in the record. The court observed that the Third and Sixth District Courts of Appeals have held that a trial court must support its determination with specific findings articulated on the record. *Id.* at ¶ 19, citing *State v. Ramsey*, 3d Dist. Marion No. 9-10-55, 2012-Ohio-134, ¶ 22, and *State v. Talley*, 2016-Ohio-8010, 74 N.E.3d 868, ¶ 44 (6th Dist.). But the Twelfth District has held that in order to comply with R.C. 2941.51(D), the record merely needs to indicate that the trial court has considered a PSI containing information about the defendant's finances and employment. *Id.* at ¶ 18, citing *State v. Christman*, 12th Dist. Preble Nos. CA2009-03-007 and CA2009-03-008, 2009-Ohio-6555, ¶ 39.

*Id.* at ¶ 9. The court rejected the Sixth District's approach of requiring specific findings and requiring those findings to be clearly and convincingly supported in the record. *Id.* at ¶ 28-30.

{¶ 20} While this case dealt with assigned counsel fees pursuant to R.C. 2941.51 and not financial sanctions imposed under R.C. 2929.18, the decision is persuasive that this court's approach, rather than that taken by the Sixth District, is correct. In this district, "a trial court may satisfy [the consideration of a defendant's ability to pay] when the record shows that the court considered a PSI report that contains information regarding the defendant's financial situation and his ability to pay the fine." *Howard,* 8th Dist. Cuyahoga Nos. 110706 and 110897 2022-Ohio-1316, at ¶ 17; *Brown* at ¶ 43. The burden is on the defendant to show an inability to pay a fine. *Gipson*, 80 Ohio St.3d 626, 635, 687 N.E.2d 750 (1998). No specific finding by the trial court is required. *Howard* at ¶ 17, citing *Cotto*, 8th Dist. Cuyahoga No. 107159, 2019-Ohio-985, at ¶ 11.

{¶ 21} Here, the trial court considered information in the record that included information related to Nowden's present and future ability to pay the mandatory and discretionary fines imposed. The proposed assignment of error does not present a colorable claim of ineffective assistance of appellate counsel.

### D. Fine Imposed on a Dismissed Count

{¶ 22} Nowden also argues that appellate counsel was ineffective for failing to raise an assignment of error challenging the trial court's imposition of a $5,000 fine on a dismissed count.

{¶ 23} The sentencing entry, journalized on September 23, 2021, states that "a $5,000 fine is imposed on Count 1 and Count 6." However, Count 1 was dismissed as part of the plea agreement in this case. Therefore, Nowden has demonstrated that the sentencing entry contains an error.

{¶ 24} A court lacks jurisdiction to make substantive changes to a sentencing entry. *Mayfield Hts. v. Barry*, 8th Dist. Cuyahoga No. 99361, 2013-Ohio-3534, ¶ 19. However, Crim.R. 36 allows for the correction of clerical mistakes in judgments or orders at any time. "'The term "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057 (3d Dist.2000). "'[C]ourts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth.'" *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 17,

quoting *Cruzado* at ¶ 19. These "'nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided."'" *Id.* at ¶ 17, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995).

{¶ 25} We must determine whether the error identified by Nowden is a substantive error or a clerical mistake.

{¶ 26} At the sentencing hearing, the trial court correctly imposed $5,000 fines on Count 2 and Count 6. (Tr. 44, 46.) Therefore, the error Nowden has identified constitutes a clerical error in the journal entry only. Such an error may be fixed by a nunc pro tunc entry. *See State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15.

{¶ 27} The state points out that the trial court has issued a nunc pro tunc sentencing entry on November 22, 2022, that corrects this error and, the state argues, renders the proposed assignment of error moot. "A court may take judicial notice of mootness. 'An event that causes a case to be moot may be proved by extrinsic evidence outside the record.'" *State v. Sharifi*, 5th Dist. Delaware No. 18 CAA 08 0064, 2019-Ohio-1837, ¶ 19, quoting *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992). *Accord State v. Brooks*, 8th Dist. Cuyahoga No. 93857, 2010-Ohio-1872; *State v. Santiago*, 8th Dist. Cuyahoga No. 101612, 2015-Ohio-1301, ¶ 6-7.

{¶ 28} The relief that Nowden could receive in this application for reopening would be to have his appeal reopened and after successful appeal, have the case remanded to the trial court to enter a nunc pro tunc order correcting the imposition of a fine on Count 1. According to the state and a review of the lower court docket, this has already occurred.[3] As it stands now, this claim of ineffective assistance of appellate counsel fails because Nowden cannot show that because of counsel's unreasonable performance, Nowden has been prejudiced such that reopening is necessary.

**E. Consecutive Sentences**

{¶ 29} In his final proposed assignment of error, Nowden claims appellate counsel was ineffective for not arguing that the trial court erred by ordering him to serve consecutive sentences when the "consecutive sentences are not commensurate with the seriousness of the offenses committed."

{¶ 30} Appellate counsel raised an assignment of error challenging the consecutive sentences imposed in this case. In the direct appeal, we determined that the trial court's consecutive sentencing findings were supported by the record. *Nowden*, 8th Dist. Cuyahoga No. 111308, 2022-Ohio-3554, at ¶ 21. This analysis included finding that consecutive sentences were not disproportionate to the seriousness of Nowden's conduct. *Id.* Appellate counsel addressed the consecutive

---

[3] No appeal to this court or to the Supreme Court of Ohio was pending at the time the trial court journalized the nunc pro tunc entry. An application to reopen the appeal was pending, but the appeal had not been reopened at that time. Therefore, there appears to be no jurisdictional impediment to the court's journalization of a nunc pro tunc entry to correct on which count the fine was imposed.

sentences imposed by the trial court and argued this issue on appeal. Therefore, appellate counsel cannot be ineffective as Nowden now argues. *State v. Knox*, 8th Dist. Cuyahoga No. 107414, 2019-Ohio-3567, ¶ 13, citing *State v. Melendez*, 8th Dist. Cuyahoga No. 106994, 2019-Ohio-2212, ¶ 8, citing *State v. Adams*, 146 Ohio St.3d 232, 2016-Ohio-3043, 54 N.E.3d 1227, ¶ 23-24.

{¶ 31} This proposed assignment of error that was raised and argued in the direct appeal may not form the basis of a colorable claim of ineffective assistance of appellate counsel.

{¶ 32} For all these reasons, Nowden's application for reopening is denied.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR